UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHIT MOHIT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WARDEN ADELANTO DETENTION FACILITY et al.,<br><br>　　　　Defendants. | Case No. 5:26-cv-00792-SB-RAO<br><br>ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AS UNOPPOSED [DKT. NO. 3] |

　　　　Petitioner Mohit Mohit filed a petition for habeas corpus and ex parte application for a temporary restraining order (TRO) on February 18, 2026, asserting he is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).[1]  Petitioner filed proof of service of the TRO application on February 23, and the Court ordered the government to respond by February 25, warning it that "[f]ailure to timely respond will be construed as consent to granting the TRO application as unopposed."  Dkt. Nos. 6, 7.  The government filed a notice of appearance but failed to file any opposition or statement of nonopposition.  Dkt. No. 8.  The Court therefore grants the TRO application as unopposed.

　　　　Although the TRO application seeks immediate release, the Court finds that the following relief is appropriate on this record:

---

[1] Though originally styled as a motion, the Court construed the request for a TRO as an ex parte application and ordered Petitioner to provide notice as required by the Federal and Local Rules.  Dkt. No. 5.

1

1. Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge within seven days of this order, in accordance with 8 U.S.C. § 1226(a) and its implementing regulations, including 8 C.F.R. §§ 236.1(d)(1), 1003.19.

2. Respondents shall not relocate Petitioner outside of the Central District of California while his habeas petition is pending.

3. Petitioner's request for an order to show cause why a preliminary injunction should not issue is denied as moot.

In light of the relief given, by March 10, 2026, Petitioner shall file a request for dismissal, unless Petitioner contends that his habeas petition is not mooted by the bond hearing, in which case the parties shall file a joint statement by March 10 setting forth their respective positions on mootness. Alternatively, if the parties agree to expedited consideration of the petition and entry of a permanent injunction, the parties' joint statement shall propose mutually agreeable language for a permanent injunction that would resolve the petition. *See* Fed. R. Civ. P. 65(a)(2). The Court sets a hearing on March 13, 2026 at 8:30 a.m. in Courtroom 6C. The Court will consider vacating the hearing if the parties agree on the terms of a permanent injunction. Petitioner's failure to timely respond to this order will be construed as consent to dismiss the petition and close the case.

Date: March 2, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge